767 F.2d 1508
 13 Collier Bankr.Cas.2d 336, Bankr. L. Rep. P 70,686
In re KING MEMORIAL HOSPITAL, INC. and Florida Hospital
Group, Inc., Debtors.
HIALEAH HOSPITAL, INC., Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of
Florida; Robert A. Schatzman and Justin P. Havee,
Co-Trustees of King Memorial Hospital, Inc. and Florida
Hospital Group, Inc.; Miami Capital Development, Inc., and
Republic Health Corporation, Defendants-Appellees.
 No. 84-5646.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 12, 1985.
 
 Byron B. Mathews, Jr., McDermott, Will & Emery, Tallahassee, Fla., S. Michael Levin, Miami, Fla., Brian Hucker, Chicago, Ill., for Hialeah Hosp., Inc.
 Ronald J. Cohen, Paul, Landy, Beiley & Harper, P.A., Miami, Fla., for Miami Capital Development, Inc.
 Locke, Purnell, Boren, Laney & Neely, Barbara J. Houser, John Flowers, Lisa Graiver, Stanley Neely, Orrin Harrison, Dallas, Tex., for Republic Health Corp.
 Appeal from the United States District Court for the Southern District of Florida.
 Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN*, district judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a district court order refusing to grant a motion by Hialeah Hospital, Inc., (Hialeah) to withdraw the reference of an adversary proceeding from the bankruptcy court.
 
 
 2
 Hialeah commenced this litigation in a pending bankruptcy proceeding in May of 1984, seeking declaratory and injunctive relief from a bankruptcy court order authorizing the transfer of King Memorial Hospital's (the bankrupt) certificate of need exemption to Republic Health Corporation (Republic). King Memorial had obtained this exemption prior to the Chapter 11 proceeding. It gave King Memorial the right to build a health care facility and allowed it to by-pass the requirements of Florida's certificate of need law. Fla.Stat. Secs. 381.493, et seq. (1973). The co-trustees of the bankrupt subsequently agreed to sell the certificate of need exemption to Republic, a Texas-based hospital chain.
 
 
 3
 On November 21, 1983, the co-trustees gave notice that Republic had offered to purchase the exemption under certain conditions including the right to relocate the health care facility to be constructed under the exemption. On November 28, 1983, the bankruptcy court approved a joint application for settlement between the co-trustees and the Department of Health and Rehabilitative Services of the State of Florida (HRS), the state agency which had granted the exemption. The settlement between the co-trustees and HRS provided in part that HRS approved of King's transfer of the exemption to Republic.
 
 
 4
 Hialeah subsequently brought this suit seeking relief based on the National Health Planning and Resources Development Act of 1974, 42 U.S.C. Secs. 300k, et seq. (Federal Act), the Health Facilities and Health Services Planning Act (State Act), Fla.Stat. Secs. 381.493, et seq. (1983), regulations promulgated pursuant to the Federal Act and the State Act, and the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983.
 
 
 5
 Hialeah contended that HRS had violated the State Act and Federal Act by illegally authorizing the co-trustees of King Memorial's bankrupt estate to relocate a certificate of need exemption from the medically underserved, minority community of Opa Locka, Florida, to the upper middle class neighborhood of Miami Lakes, Florida, without having first issued a valid certificate of need therefor and by illegally authorizing the sale of the relocated certificate of need exemption. Hialeah also contends that HRS failed to publish notice of the transfer as required by the Florida Administrative Procedure Act, failed to provide Hialeah and other parties their due process and statutory right to a full and fair hearing, and that by its arbitrary and unequal application of the Federal Act and the State Act denied Hialeah Hospital of its constitutional right to due process and equal protection of the law.
 
 
 6
 Prior to trial, on July 11, 1984, Hialeah Hospital filed a motion to withdraw reference of the proceeding from the bankruptcy court pursuant to Emergency Rule 2(c) of the Interim Bankruptcy Rules. The district court denied the motion on July 23, 1984. On August 3, 1984, Hialeah Hospital filed a Renewed Motion to Withdraw the Reference on the ground that, since resolution of the proceeding required consideration of Title 11 and other laws of the United States which regulate organizations or activities affecting interstate commerce, withdrawal was mandated by 28 U.S.C. Sec. 157(d).[1] The district court denied the motion on August 17, 1984. On August 17, 1984, Hialeah Hospital filed its notice of appeal to this court from the order denying the motion to withdraw the reference, and the order denying the renewed motion to withdraw the reference. On October 3, 1984, the bankruptcy court entered findings of fact and conclusions of law and a final judgment in Hialeah's adversary proceeding denying Hialeah Hospital all relief requested.
 
 
 7
 This court has jurisdiction to entertain appeals only of final decisions and certain specified interlocutory decisions of a district court. 28 U.S.C. Secs. 1291, 1292[2] (1982). Where it appears that we have no jurisdiction over an appeal, we raise that issue sua sponte.
 
 
 8
 An order is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir.), cert. denied --- U.S. ----, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983), quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In this case the bankruptcy proceeding itself continued after the district court order; therefore the order appealed from did not end the litigation on the merits. Motions to withdraw reference from the bankruptcy court under Sec. 157(d) essentially only determine the forum in which final decisions will be reached. An order by a district court granting or denying the withdrawal of reference is not a final order under 28 U.S.C. Sec. 1291. See In re Dalton, 733 F.2d 710, 714 (10th Cir.1984). Even if we interpreted the motion before the district court as challenging the bankruptcy court's jurisdiction to adjudicate the matter at all, it is well settled that the denial of a motion to dismiss, when the motion is based upon jurisdictional grounds, in no way terminates the action, making the order interlocutory. Catlin v. United States, 324 U.S. at 236, 65 S.Ct. at 635.
 
 
 9
 If the order does not end the litigation, it must be determined whether it falls within an exception to the final judgment rule. Farr v. Heckler, 729 F.2d 1426, 1427 (11th Cir.1984). The primary jurisprudential exception to the collateral order doctrine is Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 
 10
 Cohen 's collateral order exception only permits appeals from orders which: (1) finally determine claims collateral to and separable from the substance of other claims in the action; (2) cannot be reviewed along with the eventual final judgment because by then effective review will be precluded and rights conferred will be lost, and (3) are too important to be denied review because they present a serious and unsettled question of law. See In re Tidewater Group, Inc., 734 F.2d 794, 796-97 (11th Cir.1984); Bennett v. Behring Corp., 629 F.2d 393, 395 (5th Cir.1980).
 
 
 11
 While an order of reference by the district court under Sec. 157(d) might be considered separable from the main action, it remains subject to review upon final judgment and therefore is not appealable under the Cohen doctrine.
 
 
 12
 Accordingly, this appeal is DISMISSED.
 
 
 
 *
 Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Section 157(d) provides:
 The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
 Pub.L. 98-353, Title I, Sec. 104(a), July 10, 1984, 98 Stat. 340.
 
 
 [2]
 Title 28 U.S.C. Sec. 158 gives this court jurisdiction of final decisions, judgments, orders, and decrees entered by the district court in bankruptcy proceedings