801 F.2d 395
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re SPORTS ACCESSORIES, INC.; Alison Knitting &
Manufacturing, Inc., Debtor,
Charles A. DOCTER, Trustee of Sports Accessories, Inc. and
Alison Knitting & Manufacturing, Inc., Plaintiff-Appellant,
v.
Alvin I. BROWN, American Security Bank, N.A., a corporation,
Defendants-Appellees.
 No. 86-2575.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 22, 1986.
Decided Sept. 18, 1986.
 
 Edward L. Genn, Brown, Genn, Brown & Karp, for appellant.
 Judith Diane O'Neill, William Kenneth Meyer, Weinberg & Green, Dorothy Sellers, Douglas Bennett Mishkin, Daniel Mark Litt, Melrod, Redman & Gartlan, for appellees.
 D.Md.
 DISMISSED.
 Before RUSSELL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Before us are appellees' motions to dismiss this appeal of the district court's memorandum and order of 6 May 1986. The order appealed from does not dispose of all the claims or all of the parties within the meaning of Fed.R.Civ.P. 54(b). The order is not, therefore, final within the meaning of 28 U.S.C. Sec. 1291. In the absence of certification by the district court under Fed.R.Civ.P. 54(b),* and until such time as the district judge directs the entry of judgment, we have no jurisdiction to review the order. A final judgment is a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Because the litigation is ongoing in this case, we grant the motions and dismiss the appeal.
 
 
 2
 The case is now in the Bankruptcy Court for the District of Maryland pursuant to the district court's reference order of 6 May 1986. Reference orders, just as orders denying withdrawal of reference to a bankruptcy judge, are not immediately appealable. In Re Kemble, 776 F.2d 802 (9th Cir. 1985); In Re Kin Memorial Hospital Inc., 767 F.2d 1508 (11 Cir.1985); In Re Dalton, 733 F.2d 710 (10th Cir.1984), cert. dismissed, U.S. I 105 S.Ct. 947 (1985). See also, In Re Riggsby, 745 F.2d 1153 (7th Cir.1984) (district court order remanding for significant further proceedings in bankruptcy court not immediately appealable). If a party wishes to appeal a decision of the bankruptcy court, it may appeal to the district court pursuant to 28 U.S.C. Sec. 158(a). A final decision of the district court disposing of that appeal may then be appealed to this Court. 28 U.S.C. Sec. 158(d).
 
 
 3
 Because the dispositive issue recently has been authoritatively decided, we dispense with oral argument.
 
 
 4
 DISMISSED.
 
 
 
 *
 The district judge explicitly refused to "render final and appealable" the memorandum and order of 6 May 1986 by certifying it under this Rule