WINTER, Circuit Judge:
 

 This motion and cross-motion are part of the ongoing reorganization of the LTV Corporation (“LTV”) before Bankruptcy Judge Lifland in the Southern District of New York. The issue before us is whether an appeal may be taken from a district court order denying a motion to withdraw the reference of an adversary proceeding to the bankruptcy court. We hold that: (1) the district court’s order was not a final order so as to be appealable, and (2) the order was not appealable under the collateral order exception to the final judgment rule.
 

 We briefly summarize the relevant facts. On January 12, 1987, District Judge Owen approved the Pension Benefit Guaranty Corporation’s (“PBGC”) involuntary termination of two underfunded pension plans established by the LTV Steel Company (“LTV Steel”), a subsidiary of LTV.
 
 [1]
 
 On January 16, 1987, the United Steelworkers of America (“USWA”) initiated an adversary proceeding in the bankruptcy court. The USWA sought payment of pension benefits provided by its collective bargaining agreements with LTV Steel but not guaranteed by PBGC. The PBGC intervened in that proceeding.
 

 On July 8, 1987, LTV Steel applied to the bankruptcy court for approval of a new labor agreement with USWA. The PBGC objected to this agreement, claiming that payment by LTV Steel of nonguaranteed benefits would violate the Employee Retirement Income Security Act of 1984, 29 U.S.C. §§ 1301-1461 (1982) (“ERISA”). On July 15, the PBGC moved in district court pursuant to 28 U.S.C. § 157(d) to withdraw the reference to the bankruptcy court of LTV’s application for authorization to enter into the labor agreement. PBGC argued that Judge Lifland, in reviewing the agreement, would have to consider both bankruptcy and ERISA issues. Judge Keenan denied this motion as untimely. The order
 
 *1179
 
 denying the motion was issued on July 17, 1987 and is the subject of this appeal by the PBGC.
 
 [2]
 

 On July 16, the bankruptcy court approved LTV’s agreement with the USWA. The PBGC sought a stay in the bankruptcy court pending an appeal to the district court. The stay was denied. The PBGC then moved for a stay from this Court, which was denied by Judge Pierce with leave to renew upon entry of the bankruptcy court’s order. The bankruptcy court’s order was entered on July 30. On August 4, Judge Stanton denied a motion for a stay of this order.
 

 In this action, PBGC now renews its motion before this Court for a stay of Judge Lifland’s order pending its appeal of Judge Keenan’s July 17 order. PBGC also requests an expedited appeal of Judge Keenan’s order. Both LTV and USWA oppose PBGC’s motion and move to dismiss the appeal. USWA also seeks damages and double costs pursuant to Fed.R.App.P. 38.
 

 In the order under consideration, Judge Keenan declined to withdraw a reference to the bankruptcy court under 28 U.S.C. § 157(d). This statute provides, in relevant part, that:
 

 [t]he district court
 
 may
 
 withdraw ... any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court
 
 shall,
 
 on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
 

 28 U.S.C. § 157(d) (emphasis added). PBGC sought to withdraw the application under the mandatory portion of Section 157(d).
 

 The issuance of a stay pending appeal necessarily requires that the lower court order be appealable.
 
 See Century Laminating, Ltd. v. Montgomery,
 
 595 F.2d 563, 568-69 (10th Cir.1979). Our jurisdiction is, of course, limited to final decisions and certain statutorily defined interlocutory decisions of district courts.
 
 [3]
 
 A final order “ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment.”
 
 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In the present case, we believe that the district court’s order was not a final ruling on the underlying action since the bankruptcy proceeding continued after the order.
 

 Although we have not explicitly considered the appealability of orders granting or denying withdrawal motions under Section 157(d), we have repeatedly held that analogous orders are not appealable because they prolong litigation, increase litigation costs and are reviewable upon final judgment.
 
 See, e.g., Carlenstolpe v. Merck & Co., Inc.,
 
 819 F.2d 33 (2d Cir.1987) (denial of motion to dismiss on grounds of forum non conveniens is not appealable);
 
 Loral Corp. v. McDonnell Douglas Corp.,
 
 558 F.2d 1130, 1132 (2d Cir.1977) (order of reference to magistrate was “not a final judgment or order and [was] not reviewable on appeal”);
 
 U.S. Tour Operators Ass’n v. Trans World Airlines,
 
 556 F.2d 126, 128-31 (2d Cir.1977) (denial of motion to dismiss based on claim that an administrative agency had primary jurisdiction over the dispute was not appealable).
 

 We thus agree with the Eleventh Circuit’s decision in
 
 In re King Memorial Hospital, Inc.,
 
 767 F.2d 1508, 1510 (11th Cir.1985), holding that an order granting or denying withdrawal under Section 157(d) is not a final appealable order.
 
 See also In re Moens,
 
 800 F.2d 173, 175 (7th Cir.1986) (discretionary withdrawal is not appeal-
 
 *1180
 
 able);
 
 In re Kemble,
 
 776 F.2d 802, 805-06 (9th Cir.1985) (same).
 

 We thus also reject PBGC’s claim that orders under the mandatory portion of Section 157(d) are appealable, whereas orders under the discretionary portion are not. Although the distinction between the mandatory and discretionary portions of Section 157(d) surely dictates the scope of appellate review of the respective decisions, it is in no way pertinent to the question of whether either type of order is final or interlocutory. We also reject PBGC’s contention that
 
 Mercantile National Bank v. Langdeau,
 
 371 U.S. 555, 557-58, 83 S.Ct. 520, 521-22, 9 L.Ed.2d 523 (1963), controls our decision. In
 
 Mercantile,
 
 the issue concerned which state court had proper venue to consider an action against two national banks. The case had nothing to do with bankruptcy or Section 157(d). Moreover, the issue was appealable under state law, and such an appeal had occurred. The Court’s holding thus reflected a desire to avoid “long and complex litigation which may all be for naught if consideration of the preliminary question of venue is postponed until the conclusion of the proceeding.”
 
 Id.
 
 at 558, 83 S.Ct. at 522. As our discussion, immediately
 
 infra,
 
 of the “collateral order” doctrine reveals, we perceive no such economies in hearing the present appeal.
 

 The PBGC argues that an order granting or denying a reference is otherwise appealable as a “collateral order” under the limited exception defined in
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under
 
 Cohen,
 
 the collateral order exception applies to a small class of decisions that (1) conclusively determine a separate and collateral claim, (2) are “too important to be denied review”, and (3) cannot await final judgment because no effective review can be held.
 
 Id.
 
 at 546-47, 69 S.Ct. at 1226. We do not believe that the
 
 Cohen
 
 exception applies here. Orders denying revocation of a reference to the bankruptcy court do not conclusively determine any substantive issue; they merely address where that issue will initially be decided. Such orders also remain subject to review upon final judgment.”
 
 In re King Memorial Hospital,
 
 767 F.2d at 1510. If, for example, the decision denying withdrawal were deemed error on the ultimate appeal, the case could be remanded for
 
 de novo
 
 review by the district court of the record in the bankruptcy proceeding. This review would thus correct any difference in outcome due to the deference district courts must give certain decisions of bankruptcy courts.
 

 We therefore hold that Judge Keenan’s order denying withdrawal of the reference is not appealable and consequently that a stay should not be granted. We grant LTV’s and USWA’s motions to dismiss the appeal. We decline to award damages or double costs to USWA in light of the fact that the appealability issue was one of first impression in this Circuit.
 

 [1]
 

 . This Court recently affirmed Judge Owens’ orders.
 
 In re Jones & Laughlin Pension Plan,
 
 824 F.2d 197 (2d Cir.1987).
 

 [2]
 

 . Judge Keenan found that PBGC’s Section 157(d) motion was not timely, as required by the statute, because PBGC had acknowledged as early as March 1987 that ERISA was a major part of this bankruptcy proceeding but the agency did not make a Section 157(d) motion until the day before the bankruptcy hearing, probably in an effort to forum shop.
 

 [3]
 

 . This Court has jurisdiction over final decisions, judgments, orders and decrees entered by a district court in bankruptcy proceedings. 28 U.S.C. § 158.