In re ROSALIND GARDENS
ASSOCIATES, Debtor.

Jeffrey L. SAPIR, as Chapter 7 Trustee
of the Estate of Rosalind Gardens
Associates, Plaintiff–Appellee,

v.

HUDSON REALTY COMPANY, Bernice
Kahn, Herbert Ratet, Defendants,

Lehrman, Kronick & Lehrman,
Defendant–Appellant,

and

Jeffrey S. Rodner, Defendant.

No. 93 Civ. 1376 (CLB).
Bankruptcy No. 88B20438.
Adv. No. 92–5273A.

United States District Court,
S.D. New York.

May 20, 1993.

Jeffrey L. Sapir, Baer, Marks & Upham, New York City, Trustee, as Chapter 7 Trustee of the Estate of Rosalind Gardens Associates.

Lehrman, Kronick & Lehrman, White Plains, NY, for Hudson Realty Co., Bernice Kahn, and Herbert Ratet.

Lisa L. Shresberry, Lehrman Kronick & Lehrman, New York City, for Lehrman, Kronick & Lehrman.

Conway, Farrell, Curtain & Kelly, New York City, for Jeffrey S. Rodner.

### *Memorandum & Order*

BRIEANT, District Judge.

On August 5, 1988, Rosalind Gardens Associates (hereinafter "Rosalind Gardens" or "debtor") filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code and, on October 6, 1989, this case was converted to one under Chapter 7. On October 19, 1989, Jeffrey L. Sapir, plaintiff-appellee herein, was appointed Chapter 7 Trustee and, on or about July 9, 1992, he commenced the instant adversary proceeding on behalf of the debtor by filing a Complaint.

The Complaint alleges, and the Court accepts as true for the purpose of deciding this appeal, that on July 14, 1987, defendant Hudson Realty Company commenced a foreclosure action against Rosalind Gardens and its managing general partner, DGB Property Investors Inc., in Westchester County Supreme Court. *See* Adv.Pro.Complaint, ¶ 9; Record, at 46. The action was brought to foreclose on a

mortgage dated December 19, 1983, in the amount of $1,150,000, on real property located at 269 South Broadway, Dobbs Ferry, New York and known as the Rosalind Gardens apartments. Adv.Pro.Complaint, ¶¶ 10–11. The mortgage was a non-recourse obligation, so that the sole source for satisfaction of the indebtedness was the property. Adv.Pro.Complaint, ¶ 12.

Plaintiff alleges that sometime prior to August 5, 1988, the date the bankruptcy petition was filed, the general partner of Rosalind Gardens commenced a tax certiorari action on behalf of Rosalind Gardens against the Town of Greenburgh to recover certain real estate taxes paid by the debtor. After the commencement of the bankruptcy proceeding counsel for Rosalind Gardens was contacted by defendant Jeffrey Rodner, Esq., the attorney who represented the general partner of Rosalind Gardens in the tax certiorari proceeding, and told that a tax certiorari recovery had been obtained in the amount of $73,626. On March 9, 1989, Mr. Rodner placed this money in an escrow account. Adv.Pro.Complaint, ¶¶ 15–19.

On February 14, 1989, Hudson sought relief from the automatic stay to complete the foreclosure sale of the property. By Order dated March 31, 1989 the Bankruptcy Court granted Hudson relief from the stay for that purpose. On June 23, 1988, the Supreme Court, Westchester County, issued an order of foreclosure and the property was sold at a foreclosure sale in or about August of 1989. Adv.Pro.Complaint, ¶¶ 20–25.

Plaintiff alleges that no relief from the stay was either sought or granted authorizing Hudson to proceed to a money judgment for a deficiency, and no money judgment was ever obtained by Hudson pursuant to Section 1371 of New York's Real Property & Proceedings Law.[1] Instead, plaintiff alleges that defendant Lehrman, acting as counsel for Hudson, began efforts to enforce a judgment of foreclosure and sale against the debtor's estate by

---

1. Paragraph 25 of the Complaint states that "no money judgment was ever obtained by Hudson pursuant to CPLR 1371." The reference to the CPLR is clearly incorrect.

serving a Restraining Notice and an Information Subpoena. In addition, plaintiff alleges that the defendant law firm caused Anthony Morra of the Sheriff's Office of Westchester County to serve upon "Geller & Rodner [sic], Esq." an Execution with Notice to Garnishee directing Geller and Rodner to surrender the escrowed proceeds to the Sheriff. On September 6, 1989, Rodner paid $76,144.26, the escrowed proceeds plus interest, to the Sheriff's Office. Adv.Pro.Complaint, ¶¶ 26–31.

The Complaint alleges that the Restraining Notice and Execution contained materially false information regarding the entry of a judgment, the size of the judgment and the property against which the judgment could be enforced.

The third claim of the Complaint is the only claim against defendant Lehrman. Plaintiff alleges that in serving the materially false restraining notice and having the sheriff enforce the execution, defendant Lehrman "knowingly engaged in or colluded in the deceit of the debtor and its agent Rodner in violation of Section 487 of the New York Judiciary Law." Adv.Pro.Complaint, ¶ 46; N.Y.Judiciary Law § 487 (McKinney 1983 & Supp.1992). If, as the pleading clearly shows, the mortgage was a non-recourse obligation limited to the collateral described therein, and no deficiency judgment was issued by the state court, or authorized, either by the modification of the bankruptcy stay or the terms of the mortgage, the issuance of an execution on the tax refund escrow (a chose in action, and personal property) would be a classic case of deceit by a lawyer.

By motion dated November 23, 1992, defendant Lehrman moved before the Bankruptcy Court for an "Order remanding the claim contained in plaintiff's complaint against defendant Lehrman, Kronick & Lehrman to the Supreme Court of the State of New York, County of Westchester" since the claim is a non-core proceeding and is based upon the application and interpretation of New York State law. Record, at 15, 22.

This is an appeal from the Order of the Bankruptcy Court, Judge Howard J. Schwartzberg, filed on February 8, 1993, in which the Court denied defendant Lehrman's motion, after concluding that the cause of action pleaded by the Trustee in this adversarial proceeding against defendant Lehrman "constitute core proceedings within 28 U.S.C. § 157(b)." Record, at 4.

This Court's appellate jurisdiction is based on 28 U.S.C. § 158(a). *See In re Hooker Investments, Inc.,* 937 F.2d 833 (2d Cir.1991); *In re Chateaugay Corp.,* 826 F.2d 1177 (2d Cir.1987). The standard of appellate review of questions of law is de novo.

On appeal, defendant-appellant Lehrman contends that the Bankruptcy Court erred in concluding that the cause of action against defendant appellant Lehrman constitutes a core proceeding and, in the alternative, in refusing to abstain. In particular, defendant Lehrman contends that the adversary proceeding at issue here "is a non-core proceeding and is one based upon the application and interpretation of Section 487 of the New York Judiciary Law." Record, at 22.

■ At the outset, the Court notes that the mere fact that plaintiff's claim raises an issue of state law, rather than a purely federal issue, does not thereby preclude a finding that the adversary proceeding is core. *See* 28 U.S.C. § 157(b)(3) ("determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law."); *In re Ben Cooper, Inc.,* 896 F.2d 1394, 1399 (2d Cir.1990), *cert. granted,* 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated and remanded,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990); *opinion reinstated,* 924 F.2d 36 (2nd Cir.1991).

Section 157(b)(1) of Title 28 of the United States Code, 28 U.S.C. § 157(b)(1), confers on the Bankruptcy Court jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11...." 28 U.S.C. § 157(b)(1). Subsection (b)(2) of Section 157 is a non-exclusive list of core proceedings and provides in relevant part:

Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate; . . .

(E) orders to turn over property of the estate; . . .

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. . . .

28 U.S.C. § 157(b)(2). Section 542(b) of the Bankruptcy Code further provides that a debt may be the subject of a turnover proceeding where the debt "is matured, payable on demand, or payable on order. . . ." 11 U.S.C. § 542(b) (1993).

■ Judge Schwartzberg concluded that the present adversary proceeding is a core proceeding and this Court agrees. The claim against defendant Lehrman is that this defendant assisted the other defendants in seizing the tax certiorari proceeds after the Chapter 11 petition had been filed and after a foreclosure and sale of a nonrecourse mortgage as to which no deficiency judgment was sought or obtained against the personal property of the debtor. This claim is inextricably linked with the primary claim—that is, the turnover of property of the debtor's estate. 28 U.S.C. § 157(b)(2)(E). Moreover, any damages awarded in this adversary proceeding will be distributed to creditors and adjust the debtor-creditor relationship. 28 U.S.C. §§ 157(b)(2)(A), (O).

Even if this Court were to conclude that this is a non-core proceeding, it would be "otherwise related to" the bankruptcy action under Section 157(c)(1) and the bankruptcy judge could try the case on consent of the parties or, in the absence of consent, the reference could be withdrawn and the case tried by a district judge. 28 U.S.C. §§ 157(c) and (d).

■ Finally, the Court finds that there is no basis for the Bankruptcy Court to remand this proceeding to the Supreme Court of Westchester County or otherwise abstain. Since this is a core proceeding and no state court action is pending, abstention is neither mandatory, nor appropriate under Section 1334(c)(2) of Title 28. *See* 28 U.S.C. § 1334(c)(2) (A district court "shall" abstain from exercising jurisdiction in a case "related to a case under title 11 but not arising under title 11 or arising in a case under title 11."); *In re Ben Cooper*, 924 F.2d at 38 (any abstention decision made under Section 1334(c)(2) is not reviewable by appeal or otherwise). There has been no showing whatever which would warrant permissive abstention under Subsection (c)(1). *See* 28 U.S.C. § 1334(c)(1).

■ The Court rejects defendant Lehrman's argument that the possibility of criminal penalties under Section 487 somehow divests the Bankruptcy Court of jurisdiction. Plaintiff commenced this action seeking treble damages only under the civil remedy provision of this statute. In any event, plaintiff has not presented a criminal complaint against this defendant for the actions complained of here. Even if plaintiff were to do so, any resulting misdemeanor charge would undoubtedly be time barred. While the state necessarily has some interest in enforcing its own laws, there simply is no compelling state interest at issue in this case.

■ To the extent defendant Lehrman is arguing that the Bankruptcy Court should abstain because there is a jury demand, the Court rejects the argument as frivolous. *See In re Ben Cooper*, 896 F.2d 1394, at 1402 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991) ("Bankruptcy courts may conduct jury trials in core proceedings"); *see also In re Cohen*, 107 B.R. 453, 455 (S.D.N.Y.1989) ("Bankruptcy Court may and should conduct the jury trial because judicial efficiency and fairness to both parties will be served if the entire controversy, as to liability, damages and dischargeability, is adjudicated by one judicial officer in one proceeding.").

For the foregoing reasons, the decision of the Bankruptcy Court is affirmed.

SO ORDERED.