74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Richard CALDER, Debtor.
Richard Calder, Appellant,
v.
Reta JOB; Douglas Payne; John J. Borsos; Peter H. Waldo;
Julie A. Bryan, in her official capacity as attorney for the
original Chapter 7 trustee; Mona Lyman, in her official
capacity as attorney for the present Chapter 7 trustee;
Roger G. Segal, in his official capacity as the original
Chapter 7 trustee, Appellees,
PRENTICE HALL, INC., Creditor,
Stephen W. Rupp, Trustee-Appellee.
Richard CALDER, Plaintiff-Appellant,
v.
John STRALEY, Assistant United States Trustee and David A.
Bird, United States Trustee, Defendants-Appellees.
 No. 94-4255.
(D.C.No. 91-CV-14-B)
No. 95-4043.
D.C. No. 94-CV-739)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 
 Before EBEL, McKAY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Richard Calder (debtor) appeals two decisions of the district court: (1) in case No. 94-4255, the district court denied debtor's motions regarding trustees' fees, estate taxes, and other matters and also denied a request to revoke a prior court order withdrawing the reference of his bankruptcy case from the bankruptcy court; and (2) in case No. 95-4043, the district court denied debtor's motion to alter or amend a previous judgment. We have jurisdiction under 28 U.S.C. 1291.
 
 
 3
 These cases are another stage in debtor's attempt to attack the disposition of $80,000 which previously had been ruled part of his bankruptcy estate. Without summarizing the lengthy litigation history, we note here only the most immediate developments which precede these appeals.
 
 
 4
 In an earlier incarnation, the district court withdrew reference of debtor's bankruptcy case from the bankruptcy court, consolidated certain proceedings before it, and resolved all matters against debtor, including a finding that certain disputed funds were part of debtor's Chapter 7 estate. See Calder v. Job (In re Calder), 973 F.2d 862, 864-66 (10th Cir.1992). In the course of making its determinations, the district court enjoined debtor from litigating issues relating to "the dispositions by bankruptcy trustees of the funds received by said trustees prior to February 4, 1990." Supp.App. at 32. This court affirmed the imposition of the injunction. In re Calder, 973 F.2d at 868-69. The funds referenced in the district court's injunction are the same monies at issue in case No. 94-4255. Debtor's present attempt to dispute the payment of trustees' fees and estate taxes from those funds is a clear violation of the district court's injunction.
 
 
 5
 In addition to his contentions regarding payment of fees and taxes, debtor attempts to appeal the district court's refusal to revoke its prior order withdrawing reference of the case from the bankruptcy court and transferring it to the district court. We agree with appellees that this is not a final appealable order over which this court has jurisdiction. See In re Chateaugay Corp., 826 F.2d 1177, 1179-80 (2d Cir.1987) (holding that order granting or denying withdrawal under 28 U.S.C. 157(d) is not final appealable order and, under facts of that case, did not qualify for review under collateral order doctrine). Debtor does not argue the collateral order doctrine here, nor do we think such an argument could be sustained. The judgment of the United States District Court for the District of Utah in case No. 94-4255 is AFFIRMED in part and DISMISSED in part.
 
 
 6
 In case No. 95-4043, debtor argues that he has been the victim of an unconstitutional taking and that defendants-appellees failed to supervise properly the bankruptcy trustee who had control of the disputed moneys. Once again, debtor is in violation of the district court's injunction, and we will not consider his contentions. Debtor's assertions that he has been denied a fresh start and that the district court judge is incompetent are without merit.
 
 
 7
 The judgment of the United States District Court for the District of Utah in case No. 95-4043 is AFFIRMED. Appellees' request for sanctions is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470