# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1546

THE CALDWELL-BAKER COMPANY;
BAKER GROUP, L.C.; and CARLE E.
BAKER, JR., as Trustee of the MTY
Profit Sharing Plan & Trust,

*Plaintiffs-Appellants*,

v.

FRED L. PARSONS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03-CV-00471-DRH—**David R. Herndon**, *Judge*.

_____

ARGUED NOVEMBER 30, 2004—DECIDED DECEMBER 16, 2004

_____

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Caldwell-Baker Company and affiliates (collectively Caldwell-Baker) leased several hundred railroad cars to Southern Illinois Railcar Company. When the business relation went sour, Caldwell-Baker sued the Railcar Company plus Fred Parsons, its manager and principal investor, for breach of contract and fraud. (For some of the details, see *Caldwell-Baker Co. v. Southern*

*Illinois Railcar Co.*, 225 F. Supp. 2d 1243 (D. Kan. 2002).) Both the corporation and Parsons now are debtors in bankruptcy, and Caldwell-Baker has filed adversary proceedings seeking damages; it also wants orders denying discharge. There are two bankruptcy proceedings—one for the corporation and an identically named limited liability company, the other for Parsons. We call these the "corporate bankruptcy" and the "personal bankruptcy." Bankruptcy Judge Meyers is handling both, but appeals under 28 U.S.C. §158(a) have been assigned to different district judges—Judge Reagan in the corporate bankruptcy, Judge Herndon in the personal bankruptcy.

All three debtors have moved to dismiss the adversary proceedings. Caldwell-Baker asked the district judges to withdraw the references and adjudicate the claims themselves under 28 U.S.C. §157(d). Withdrawing the references, Caldwell-Baker contended, would enable it to receive jury trials. Before the district judges had ruled on these requests, Bankruptcy Judge Meyers dismissed both adversary proceedings. On appeal in the corporate bankruptcy, District Judge Reagan affirmed in part and remanded in part; because of the remand, his decision is not "final" and cannot yet be appealed to us under 28 U.S.C. §158(d). On appeal in the personal bankruptcy, District Judge Herndon has yet to render a decision. But he has denied the motion to withdraw the reference, concluding that he will act in an appellate rather than an original role.

Caldwell-Baker filed a notice of appeal from Judge Herndon's order denying the motion to withdraw—and it contends that, because Judge Herndon referred to Judge Reagan's decision, the notice authorizes us to review that order as well. Pendent appellate jurisdiction has not flourished since *Swint v. Chambers County Commission*, 514 U.S. 35, 43-51 (1995). Though we have held that a vestige of the doctrine survives, see *Montano v. Chicago*, 375 F.3d 593, 599-600 (7th Cir. 2004), this claim would have been

baseless even before *Swint.* See *United States ex rel. Valders Stone & Marble, Inc. v. C-Way Construction Co.*, 909 F.2d 259, 262 (7th Cir. 1990). The corporate bankruptcy and the personal bankruptcy are different pieces of litigation. To our knowledge, no appellate court has reviewed an order in Case #2 as "pendent" to an order in Case #1, and we cannot imagine any circumstances that would justify such a step. A timely and proper notice of appeal is a jurisdictional necessity. See *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988). Caldwell-Baker's notice was filed in Judge Herndon's case, not Judge Reagan's.

So the only decision even arguably within our jurisdiction is Judge Herndon's order declining to withdraw the reference of the personal bankruptcy. And that order, which is not a final decision by any stretch of the imagination, may not be appealed under 28 U.S.C. §1291. (Section 158(d) does not apply, because a motion to withdraw the reference invokes the district judge's original rather than appellate jurisdiction in bankruptcy; anyway, both §158(d) and §1291 limit appeals to district courts' final decisions.) No court of appeals has engaged in appellate review of an order either granting or denying withdrawal of a reference. See *Tringali v. Hathaway Machinery Co.*, 796 F.2d 553, 559 (1st Cir. 1986) (grant is not final); *In re Chateaugay Corp.*, 826 F.2d 1177 (2d Cir. 1987) (neither grant nor denial is final); *In re Pruitt*, 910 F.2d 1160, 1165-66 (3d Cir. 1990) (grant is not final); *In re Lieb*, 915 F.2d 180, 184 (5th Cir. 1990) (denial is not final); *In re McGaughey*, 24 F.3d 904, 908 (7th Cir. 1994) (grant is not final); *Abney v. Kissel Co.*, 105 F.3d 1324 (9th Cir. 1997) (denial is not final); *In re Dalton*, 733 F.2d 710, 714-15 (10th Cir. 1984) (grant is not final); *In re King Memorial Hospital, Inc.*, 767 F.2d 1508, 1510 (11th Cir. 1985) (denial is not final).

The adversary proceeding continues; it is under advisement before Judge Herndon. If he affirms, that decision will be final because the adversary proceeding will be over, and

Caldwell-Baker then can argue to us (if it still matters) that Judge Herndon should have acted in an original rather than an appellate capacity. The order denying immediate withdrawal is no more a "final decision" than an order denying summary judgment or denying a request for additional discovery; the litigation proceeds and the issue will be reviewed if it turns out to make a difference to an order that is independently appealable. See *In re Powelson*, 878 F.2d 976 (7th Cir. 1989). What Caldwell-Baker really wants is not review of the procedural decision about which court would make the initial substantive decision, but review of the substantive decision itself. Most of Caldwell-Baker's brief is devoted to substance. But whether the adversary complaint presents a viable claim is the very issue still pending before Judge Herndon. It would be premature for us to weigh in.

According to Caldwell-Baker, rules deferring appellate review until entry of a final decision are out the window because it wants a jury trial, which it believes is possible only if a district judge rather than a bankruptcy judge handled the proceeding. Of course, *neither* court would afford a jury trial if the claim fails at the pleading stage or on summary judgment, as Bankruptcy Judge Meyers found. Only at the end will it be clear whether Caldwell-Baker has presented the sort of contention in which withdrawal of the reference might make a difference. That's one of the many reasons why the cry "I want a jury trial!" does not dispense with a need for finality. See, e.g., *First National Bank of Waukesha v. Warren*, 796 F.2d 999 (7th Cir. 1986); *Moens v. FDIC*, 800 F.2d 173, 175-76 (7th Cir. 1986). If denial of a jury trial threatens injury that is irreparable in the sense that appellate review would not avail—perhaps because the judge's decision would be preclusive in some other piece of litigation—then mandamus could be available. See *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962). Our opinion

in *Bank of Waukesha* covers this subject in depth. Caldwell-Baker does not face any adverse effect that could not be repaired on appeal in the regular course. If it is entitled to a jury trial but does not receive one, that claim can be vindicated on appeal from a final decision. See *Allegheny International, Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1133-34 (3d Cir. 1990). Many kinds of error may require retrials; the prospect that two trials will be necessary does not make the final-decision rule vanish. Interlocutory decisions often become irrelevant before the case's end; that's a reason to defer rather than accelerate appellate review.

   The appeal is dismissed for want of jurisdiction.


A true Copy:

        Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*