NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0429n.06

Nos. 06-5932, 07-5525, 07-6140 and 07-6164

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| In re: LWD, Inc., et al. | ) | **FILED**<br>**Jun 19, 2009**<br>LEONARD GREEN, Clerk |
| -------------------------------------------------------- | ) |  |
|  | ) |  |
| K&B CAPITAL, LLC, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| Appellant, | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| v. | ) | KENTUCKY |
|  | ) |  |
| OFFICIAL UNSECURED CREDITORS' | ) |  |
| COMMITTEE, | ) |  |
|  | ) |  |
| Appellee. | ) |  |

Before: MOORE, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. K&B Capital, LLC ("K&B") seeks to appeal four orders entered by the bankruptcy court and affirmed by the district court. None of the subject orders are final. We therefore dismiss the appeals for lack of appellate jurisdiction.

I.

In June 2003, six related waste disposal companies—LWD Inc., LWD Equipment, Inc., LWD Field Services, Inc., LWD Land Company Inc., LWD Trucking, Inc., and LWD Sanitary Landfill, Inc.—each filed petitions for relief under Chapter 7 of the Bankruptcy Code. In September 2003, a related entity, General Environmental Services, LLC (collectively, the "Debtors") filed a petition for relief under Chapter 11 of the Code. The LWD cases were later converted to Chapter

11 cases and jointly administered with the GES case. The bankruptcy trustee thereafter appointed a single Unsecured Creditors' Committee (the "Committee") for purposes of all the Debtors' cases.

Each of the Debtors was effectively controlled by Robert Kattula, who was himself a principal of K&B. K&B was itself a secured creditor of the Debtors, and lent money to them during the pendency of their bankruptcy cases. In return, the Debtors made certain "protection payments" to K&B, which totaled $476,500.00.

The debtors' assets were later sold pursuant to an auction that K&B won. On March 23, 2004, the bankruptcy court issued a broadly worded sale order, authorizing the conveyance of all of the debtors' assets and claims, tangible and intangible, to K&B. At a telephonic hearing later that day, however, the creditors expressed concern that this broad language might be read to suggest that the debtors' Chapter 5 claims had been sold to K&B, even though those claims had never been advertised or offered for sale. Indeed, the creditors argued, those claims could not be sold as a matter of law. Without any objection from K&B, counsel for the debtors agreed to draft a supplemental order clarifying that the sale order did not include the Chapter 5 claims. At another telephonic conference held the following day, the debtors' counsel stated that he had circulated a draft clarification order to all of the parties and that all were in agreement. Again, counsel for K&B was present but did not object. On March 25, 2004, the bankruptcy court entered the requested clarification, which was captioned a "Supplemental Sale Order." As the bankruptcy court later explained, this order was merely a clerical correction entered pursuant to Fed. R. Civ. P. 60(a).

The Committee later commenced an adversarial proceeding in which it challenged the Debtors' protection payments to K&B as excessive, and challenged the sale of the Debtors' assets

to K&B on the ground that the Debtors did not disclose the existence of a valuable insurance asset, allegedly worth more than $350,000.00. With respect to the latter claim, the Committee argued—successfully—that the Debtors' nondisclosure of the asset gave K&B an unfair advantage in the auction, because, of all the potential bidders, presumably only Kattula—as an insider of both the Debtors and K&B—knew of the asset's existence.

These appeals concern four orders entered by the bankruptcy court. Two of the orders were entered in the jointly administered Chapter 11 cases. The first (the "substitution order") substituted Baker & Hostetler LLP for Nixon Peabody LLP, over K&B's objection, as counsel for the Committee. The second (the "Rule 60(b) order") denied K&B's Rule 60(b)(4) motion to vacate the bankruptcy court's Rule 60(a) order clarifying the sale order entered nearly two years earlier.

The other two orders were entered in the adversarial proceeding between K&B and the Committee. The first (the "damages order") required, among other things, K&B to return to the Debtors' estate $476,500.00 (representing excessive protection payments) and an additional $352,375.00 (representing the auction windfall), plus interest. The second (the "reference order") denied K&B's motion to withdraw the reference of the adversarial proceeding to the bankruptcy court pursuant to a local rule, and to have the proceeding adjudicated instead in the district court.

The district court affirmed all four orders. K&B thereafter filed notices of appeal to this court as to each order. We consolidated the appeals.

II.

We must determine whether we have jurisdiction over these appeals. Although a motions panel of this court previously issued an order denying K&B's motion to dismiss this appeal for lack

of appellate jurisdiction, we are not precluded from reexamining this issue under the law-of-the-case doctrine. That doctrine is not a limit on a court's power, but rather is "discretionary when applied to a coordinate court or the same court's own decisions." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998); *see also Brady-Morris v. Schilling* (*In re Kenneth Allen Knight Trust*), 303 F.3d 671, 677 (6th Cir. 2002). Moreover, "[i]ssues such as 'subject matter jurisdiction' or 'appellate jurisdiction' may be 'particularly suitable for reconsideration.'" *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001) (quoting 18 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: JURISDICTION § 4478, at 799 & n.32 (1981)). We therefore find it appropriate to reconsider whether appellate jurisdiction exists in this case.

"The courts of appeals . . . only have jurisdiction to hear bankruptcy appeals when both the bankruptcy and district courts' orders are final." *In re M.T.G., Inc.*, 403 F.3d 410, 413 (6th Cir. 2005) (internal quotation marks omitted). Accordingly, "[w]hen the bankruptcy court's order is interlocutory the general rule is that a court of appeals lacks jurisdiction unless the district court order in some sense 'cures' the non-finality of the bankruptcy court order." *Id.* (internal quotation marks omitted). "A district court order has been found to 'cure' the non-finality of the bankruptcy court order only in cases where the district court's order in some way ended all litigation in the bankruptcy court." *Id*. (internal quotation marks omitted).

None of the orders here are final. The substitution order is not final in these Chapter 11 cases, because it concerns only the counsel that will represent the Committee in that litigation. *See generally Cottrell v. Schilling* (*In re Cottrell*), 876 F.2d 540, 542 (6th Cir. 1989) ("Generally, a

bankruptcy court's order approving or substituting counsel in a bankruptcy proceeding is not appealable").

Nor is the Rule 60(b) order final. It is true that a sale order by a bankruptcy court is generally a final, appealable order. But the sale order in this case never covered the Chapter 5 avoidance claims that K&B now contends it purchased along with the debtors' other assets. If K&B had believed that the sale order *did* include the Chapter 5 claims, it could have immediately appealed the sale order (as clarified by the Rule 60(a) clarification) and argued that it had bid upon and purchased those claims. But K&B did not do that. Instead, K&B proceeded to defend itself against a Chapter 5 claim brought by the creditors in an adversarial proceeding—an implicit recognition that the Chapter 5 claims had not been transferred to K&B and remained with the debtors. Only after losing on the merits in that adversary proceeding, and then changing counsel, did K&B, nearly two years later, challenge the Rule 60(a) order for the first time.

K&B thus sought belated relief not from the underlying sale order, but from the bankruptcy court's correction of a clerical error in that order, which correction was entered two days later pursuant to Rule 60(a). Rule 60(a) may be used to correct "[c]lerical mistakes . . . made by judges as well as ministerial employees," but may not be used to "revisit . . . legal analysis or otherwise correct an error[] of substantive judgment." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir. 2002) (internal quotation marks omitted).

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consists of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (internal quotation marks omitted). Thus, a proper Rule 60(a) order involves the purely ministerial act of correcting a clerical mistake; it does not alter the substantive rights of the parties or resolve any of the disputes in the case. Such an order should not be considered final. *See Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1363 (9th Cir. 1992) (holding that a bankruptcy order is not final unless it "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed").

Because the underlying Rule 60(a) order is not final, the bankruptcy court's subsequent order denying K&B's Rule 60(b)(4) motion to vacate that order is not final either. *See Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1315 (9th Cir. 1983) ("[T]he finality of [Rule 60(b)] orders derives from the finality of the underlying judgment upon which relief is sought").

The orders entered in the adversarial proceeding likewise are not final. The damages order does not fully dispose of the damages issue, but instead expressly contemplates "further hearings to determine" whether certain of the damages awarded should ultimately be refunded to K&B. And the reference order, both on its face and under settled law, is not final. *See Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 888 (7th Cir. 2004) ("No court of appeals has engaged in appellate review of an order either granting or denying withdrawal of reference") (collecting cases).

We therefore dismiss each of these consolidated appeals for lack of appellate jurisdiction.

Nos. 06-5932, 07-5525, 07-6140 and 07-6164
*K&B Capital, LLC v. Official Unsecured Creditors' Committee*

**CLAY, Circuit Judge, concurring in part and dissenting in part.** Although I agree with the majority's conclusions with respect to three of the four orders at issue in this appeal, I disagree with its determination that this Court lacks appellate jurisdiction to review the bankruptcy court's denial of K&B Capital, LLC's ("K&B") Rule 60(b) motion to vacate the bankruptcy court's previously issued supplemental sale order.

This Court previously has noted that a "ruling on a Rule 60(b) motion . . . [is] appealable in and of itself." *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir. 1983); *see also Jerry v. UAW-Local 735*, 818 F.2d 866 (6th Cir. 1987) (unpublished table decision) ("A ruling on a Rule 60(b), Federal Rules of Civil Procedure, motion to vacate is appealable . . . ."). As other courts have noted in addressing the appealability of Rule 60(b) orders, "the finality of such orders derives from the finality of the underlying judgment upon which relief is sought." *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1315 (9th Cir. 1983). In this case, the underlying order—the supplemental sale order—is itself a final order. *See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 543 (7th Cir. 2003); *cf. Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 579 (6th Cir. 2008) (holding that a bankruptcy court's sale order is a final order for res judicata purposes).

In concluding that this court lacks appellate jurisdiction over the appeal of the denial of the Rule 60(b)(4) motion, the majority argues that the Rule 60(a) order is not a final order because a "Rule 60(a) order involves the purely ministerial act of correcting a clerical mistake." Op. at 6. According to the majority, because a Rule 60(a) order "does not alter the substantive rights of the

-7-

parties or resolve any of the disputes in the case," such an order cannot meet the requirement that an order "affect[] substantive rights" to constitute a final order. *Id.*[1]

Under the majority's reasoning, a Rule 60(a) order would never be appealable, because, by definition, a Rule 60(a) motion does not affect the substantive rights of the parties. However, a Rule 60(a) order generally is an appealable order. *See Pfizer Inc. v. Uprichard*, 422 F.3d 124, 128 (3d Cir. 2005) (addressing argument that the district court exceeded its authority in acting pursuant to Rule 60(a)); 11 Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2871 (2d ed. 2008) (Where a "court corrects the judgment . . . after an appeal has ended or after the time for appeal has run in a case in which no appeal was taken, [the court's] action would itself be appealable though the appeal would be limited to its disposition of the Rule 60(a) motion."). Further, under the circumstances of this case, the Rule 60(a) order should be considered a final order because K&B has no other way to challenge the district court's use of Rule 60(a) to amend the final sale order. Thus, because the supplemental sale order is a final order, this is not a case where this Court "may not entertain an appeal [from a denial of a Rule 60(b) motion] under [28 U.S.C. §] 1291 because the underlying order . . . is purely interlocutory and, thus, not within the scope of Rule 60(b), which applies only to 'final' judgments and orders." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 123 (3d Cir. 2004) (first alteration in original).

---

[1]In support of its argument, the majority suggests that K&B never understood the sale order to include the Chapter 5 claims based on K&B's failure to immediately appeal the sale order. However, whether K&B believed that the original sale order included the Chapter 5 claims is irrelevant to the question of whether the subsequent Rule 60(a) order is a final order for purposes of K&B's appeal.

Moreover, in the bankruptcy context, "finality 'is considered in a more pragmatic and less technical way . . . than in other situations.'" *Winget*, 537 F.3d at 579 (quoting *Lindsey v. O'Brien, Tanksi, Tanzer & Young Health Care Providers of Conn.* (*In re Dow Corning*), 86 F.3d 482, 488 (6th Cir.1996)). Thus, a "case need not be appealed as a 'single judicial unit' at the end of the entire bankruptcy proceeding" to constitute a final order. *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir. 1988). Instead, "where an order in a bankruptcy case finally dispose[s] of discrete disputes within the larger case, it may be appealed immediately." *Winget*, 537 F.3d at 579 (quoting *In re Dow Corning*, 86 F.3d at 488) (internal quotation marks omitted).

In this case, the bankruptcy court's order denying K&B's Rule 60(b) motion was a final determination that K&B was not entitled to the relief it sought—an order vacating the supplemental sale order as void. Consequently, although the district court's ruling on K&B's motion did not end the entire Chapter 11 litigation proceedings, it constituted a final, appealable order over which this Court has jurisdiction. Because I disagree with the majority's conclusion that we lack appellate jurisdiction to review K&B's appeal of the denial of its Rule 60(b) motion, I respectfully dissent from that portion of its opinion.