**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0442n.06

Nos. 10-5785/10-5786

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 25, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DEMETRIOUS YADIRF SMITH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| BLUEGRASS MORTGAGE SERVICES, | ) | |
| INC., aka National Mortgage Funding, dba | ) | |
| First Capital Mortgage, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

PER CURIAM. Demetrious Yadirf Smith, an Ohio resident proceeding pro se, appeals the district court's orders denying his motion to transfer an adversary case from the bankruptcy court and denying his motion for reconsideration. For the reasons set forth below, we dismiss Smith's appeals for lack of jurisdiction.

Smith filed an adversary proceeding in the Chapter 7 bankruptcy case of Bluegrass Mortgage Services, Inc. Smith subsequently filed a motion in the district court to transfer the adversary case from the bankruptcy court to the district court. The district court construed Smith's motion as a motion to withdraw the reference to the bankruptcy court under 28 U.S.C. § 157(d). Denying the motion, the district court held that Smith could not file such a motion on his own behalf where he was represented by counsel in the bankruptcy case and that withdrawal was inappropriate on the

merits. Smith filed a motion for reconsideration, which the district court denied. These timely appeals followed.

A district court's order granting or denying a motion to withdraw a reference under § 157(d) is not a final appealable order. *In re LWD, Inc.*, 335 F. App'x 523, 527 (6th Cir. 2009). Other circuits have also uniformly recognized this jurisdictional limitation. *See Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 888 (7th Cir. 2004); *In re Lieb*, 915 F.2d 180, 184 (5th Cir. 1990); *In re Pruitt*, 910 F.2d 1160, 1166 (3d Cir. 1990); *In re Chateaugay Corp.*, 826 F.2d 1177, 1179-80 (2d Cir. 1987); *In re Moens*, 800 F.2d 173, 175 (7th Cir. 1986); *In re Kemble*, 776 F.2d 802, 806 (9th Cir. 1985); *In re King Mem'l Hosp., Inc.*, 767 F.2d 1508, 1510 (11th Cir. 1985); *In re Dalton*, 733 F.2d 710, 714-15 (10th Cir. 1984). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "A district court's decision whether or not to withdraw a proceeding from the bankruptcy court does not end the litigation, but rather involves the selection or designation of the forum in which the merits will be finally determined." *In re Lieb*, 915 F.2d at 184.

It is also well established that such an order does not fall within the collateral order exception established by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). *See In re Saker*, No. 90-3225, 1990 WL 84225, at *1 (6th Cir. June 21, 1990); *see also In re Lieb*, 915 F.2d at 184; *In re Pruitt*, 910 F.2d at 1166; *In re Chateaugay Corp.*, 826 F.2d at 1180; *In re Moens*, 800 F.2d at 175-76; *In re Kemble*, 776 F.2d at 806; *In re King Mem'l Hosp., Inc.*, 767 F.2d at 1510; *In re Dalton*, 733 F.2d at 715. "To come within the 'small class' of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from

a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Orders granting or denying withdrawal "do not conclusively determine any substantive issue"—"merely address[ing] where that issue will initially be decided"—and are reviewable on appeal after final judgment. *In re Chateaugay Corp.*, 826 F.2d at 1180; *see also In re Lieb*, 915 F.2d at 184.

Accordingly, we dismiss Smith's appeals for lack of jurisdiction.