**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4376
_____

In re:   RUBEN FLEURANTIN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-00821)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2011

Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: March 28, 2011 )

_____

OPINION
_____

PER CURIAM

Ruben Fleurantin appeals pro se from the judgment of the District Court affirming

certain orders of the Bankruptcy Court.  He also has filed a motion to file his reply brief

out of time.  That motion is granted, and we have considered Fleurantin's reply brief in

conducting our review.  For the following reasons, we will affirm the judgment of the

District Court.

I.

Fleurantin obtained a discharge under Chapter 7 of the Bankruptcy Code in 2000. In 2006, he instituted the bankruptcy proceeding at issue here by filing through counsel a Chapter 13 petition. Fleurantin, in his words, filed the petition to "buy time" and prevent the foreclosure on his commercial property in Brooklyn, New York. The creditors holding the mortgage on that property filed a motion to dismiss the petition on the ground that Fleurantin's debt exceeded the eligibility limit for proceeding under Chapter 13. See 11 U.S.C. § 109(e). Fleurantin conceded as much, but responded with a motion to convert his Chapter 13 proceeding into one under Chapter 11. The Bankruptcy Court held a hearing and, on February 20, 2007, entered an order converting the proceeding into one under Chapter 7 instead and appointing Charles Forman as the Chapter 7 trustee. Fleurantin did not appeal that order.

Over the next year, the trustee administered the bankruptcy estate by filing adversary proceedings, successfully objecting to the claims of certain creditors, and obtaining approximately $380,000 in funds for the estate through the liquidation of assets (including Fleurantin's commercial property). Fleurantin, who began representing himself after the conversion to Chapter 7, filed numerous motions, refused to provide certain information to the trustee, and otherwise interfered with the administration of the estate. Fleurantin ultimately filed a motion to unconditionally dismiss the Chapter 7 proceeding. The trustee opposed the motion at first, but eventually filed a cross-motion

2

to dismiss the proceedings with certain conditions. The trustee requested, among other things, authorization to pay professional fees incurred in administering the estate before turning it over to Fleurantin, as well as certain conditions designed for the protection of Fleurantin's creditors. The Bankruptcy Court granted the trustee's motion by order entered December 1, 2008, dismissed the petition with prejudice, and directed the filing of professional fee applications. By order entered December 29, 2008, the Bankruptcy Court approved payment of a total of $252,433.57 in fees to the trustee and his retained professionals. Fleurantin appealed the December 1 and December 29, 2008 orders to the District Court. He later filed in the District Court a motion to "vacate" the Bankruptcy Court's February 20, 2007 order converting his proceeding to Chapter 7. By order entered October 8, 2009, the District Court denied that motion and affirmed. Fleurantin appeals.[1]

## II.

Fleurantin devotes the vast majority of his briefs to challenging the Bankruptcy Court's order of February 20, 2007, which converted his proceeding from one under

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a), and we have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. In reviewing orders of the Bankruptcy Court, we apply the same standard of review as the District Court. See In re Myers, 491 F.3d 120, 124-25 (3d Cir. 2007). Thus, we review for abuse of discretion both the Bankruptcy Court's decision to dismiss a petition, see id. at 125, and its fee awards, see In re Engel, 124 F.3d 567, 571 (3d Cir. 1997), though we review underlying factual findings for clear error and underlying legal conclusions de novo, see In re Myers, 491 F.3d at 125. We review de novo the District Court's determination of its subject matter jurisdiction as well. See In re Seven Fields Dev. Corp., 505 F.3d 237, 253 (3d Cir. 2007).

Chapter 13 to one under Chapter 7. The District Court denied his motion to "vacate" that order on the ground that it lacked jurisdiction to review the order because Fleurantin did not timely appeal it. We agree.[2]

The February 20, 2007 conversion order was appealable when entered. See, e.g., In re Rosson, 545 F.3d 764, 770 (9th Cir. 2008) (joining "all other courts of which we are aware that have considered the issue" in holding "that a bankruptcy court order converting a case from one under another chapter of the Bankruptcy Code to one under Chapter 7 is a final and appealable order"); cf. In re Christian, 804 F.2d 46, 48 (3d Cir. 1986) (holding that denial of motion to dismiss a Chapter 7 petition is immediately appealable under practical approach to finality because otherwise "the entire bankruptcy proceedings must be completed before it can be determined whether they were proper in the first place"). Because Fleurantin did not appeal within the time permitted by Fed. R. Bankr. P. 8002(a), the District Court lacked jurisdiction to review that order. See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). Thus, the District Court's denial of Fleurantin's motion to "vacate" the February 20 order for lack of jurisdiction was clearly correct. For the same reason, although we have jurisdiction to review the District Court's jurisdictional ruling, we lack jurisdiction to review the

---

[2] We note that Fleurantin also did not designate the February 20, 2007 order in his two notices of appeal to the District Court, which mentioned and attached only the Bankruptcy Court's orders of December 1 and 29, 2008. Because any appeal of the February 20, 2007 order would be untimely, we need not consider whether Fleurantin's notices of appeal were effective as to that order.

February 20 order itself.[3]

That ruling leaves the Bankruptcy Court's orders of December 1 and 29, 2009. Fleurantin does not directly challenge the Bankruptcy Court's decision to impose conditions on the dismissal of his petition. Nor does he raise any factual or legal argument addressed to the Bankruptcy Court's award of professional fees. Even if we liberally construe his pro se briefs to argue that the Bankruptcy Court should have dismissed his petition unconditionally, though, we cannot say that the Bankruptcy Court abused its discretion. "'[T]he debtor has no absolute right to dismissal of a Chapter 7 case,'" unconditional or otherwise. In re Smith, 507 F.3d 64, 72 (2d Cir. 2007) (citation omitted). Instead, "the bankruptcy courts have broad authority to act in a manner that will prevent injustice or unfairness in the administration of bankruptcy estates." In re Kaiser Aluminum Corp., 456 F.3d 328, 340 (3d Cir. 2006); see also 11 U.S.C. § 105(a)

---

[3] Fleurantin's sole argument on the merits of the conversion issue is that the Bankruptcy Court should not have converted his proceeding to one under Chapter 7 because he was ineligible for another Chapter 7 discharge after having obtained one less than six years earlier. See 11 U.S.C. § 727(a)(8) (1986 version). For Fleurantin's benefit, we note that a discharge is not the only benefit of proceeding with a Chapter 7 bankruptcy. See 6 Collier on Bankruptcy ¶ 727.11 (15 ed. 2009) ("Even in a proceeding in which the debtor is not entitled to a discharge, a debtor may still obtain protection for property, since the exemptions and lien avoidance powers provided by section 522 of the Code would still apply as in any other case."); cf. In re Bateman, 515 F.3d 272, 281 (4th Cir. 2008) (noting that Chapter 13 petitioner ineligible for discharge may still benefit from the automatic stay and confirmation of a plan). We also note the holding of some courts that the unavailability of a discharge does not constitute a legal impediment to proceeding with a bankruptcy petition. See In re Bateman, 515 F.3d at 281-83 (Chapter 13); In re An-Tze Chen, 308 B.R. 448, 462 (9th Cir. BAP 2004) (Chapter 7). We may not and do not reach the merits of these issues, however, because we lack jurisdiction to do so for the reason explained above.

(authorizing bankruptcy courts to "issue any order . . . necessary or appropriate to carry out the provisions of this title"). The trustee argued that a structured dismissal with conditions was in the best interests of the parties, particularly in light of the estate's continued expenditure of legal fees in response to Fleurantin's motions and other efforts to obstruct its administration. The Bankruptcy Court, which was well aware of those circumstances, evidently agreed. Fleurantin has raised nothing suggesting that the Bankruptcy Court abused its discretion in doing so.

Instead, Fleurantin argues at length that he is entitled to relief from the Bankruptcy Court's orders because he received ineffective assistance of counsel in connection with the filing of the Chapter 13 petition and the failure to appeal the conversion order. Allegations of ineffective assistance of counsel, however, do not state a basis for relief from an order in a civil case. See Link v. Wabash R.R. Co., 370 U.S. 626, 634 n.10 (1962); Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006); Walker v. Sun Ship, Inc., 684 F.2d 266, 268-69 (3d Cir. 1982).

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] Fleurantin raises a number of other arguments and seeks certain forms of relief for the first time in his reply brief. Although we have considered Fleurantin's reply brief, issues raised for the first time therein are waived, see Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998), and Fleurantin's arguments lack merit in any event.