**Carole L. TAYLOR, a/k/a Carol Thompson–Taylor,**
**Plaintiff,**

**v.**

**Ronda J. WINNECOUR, Chapter 13 Trustee, Margaret Messmer,**
**Defendants.**

**No. 11cv0739.**

United States District Court,
W.D. Pennsylvania.

July 26, 2011.

Marvin Leibowitz, Pittsburgh, PA, for Plaintiff.

Ronda J. Winnecour, Office of the Chapter 13 Trustee, Pittsburgh, PA, pro se.

Robert J. Williams, Schnader, Harrison, Segal & Lewis, Pittsburgh, PA, for Margaret Messmer, Defendant.

### MEMORANDUM OPINION RE: NOTICE OF APPEAL FROM BANKRUPTCY ACTION

ARTHUR J. SCHWAB, District Judge.

#### I. Introduction

Presently before the Court is Appellant Carole Taylor's appeal from bankruptcy court in re. USBC 10–20954. Doc. No. 1. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). After careful consideration of Appellant's brief (Doc. No. 4), Appellee Ronda Winnecour's brief (Doc. No. 5), Appellant Taylor's Reply thereto (Doc. No. 8), Appellee Margaret Messmer's brief (Doc. No. 6) and applicable statutes and case law, the Court will deny Appellant's appeal.

#### II. Standard of Review

■ The District Court reviews a bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. See In re Fleurantin, 420 Fed.Appx. 194, 195–96 (3d Cir.2011); In re Trans World Airlines, Inc., 145 F.3d 124, 131 (3d Cir. 1998).

#### III. Discussion

Taylor filed a Chapter 13 Petition on February 18, 2010. On November 4, 2010, Taylor filed a request that her Chapter 13 Petition be dismissed without prejudice.[1] Doc. No. 1–2. One of Taylor's creditors, Margaret Messmer, objected to Taylor's Motion to Dismiss on grounds of Taylor's alleged bad faith, including: failure to properly account for assets and their values; providing misleading information about sources of funds and incomes; failing to disclose that her largest debt is non-dischargeable; and failure to list her positions as officer or director of several business entities. See Doc. No. 1–4, 2. On April 29, 2011, United States Bankruptcy Judge Judith K. Fitzgerald, entered a Memorandum denying Taylor's Motion to Dismiss because granting the motion "would further the abuse of process of which Debtor has already been found culpable." Doc. No. 1–4, 9. Judge Fitzgerald's denial of Taylor's Motion to Dismiss is presently under review by this Court. Doc. No. 1–4.

Taylor argues that the Bankruptcy Judge committed the following errors: (1) denying the debtor's Motion to Dismiss pursuant to 11 U.S.C. § 1307(b); (2) finding that there was evidence of bad faith conduct sufficient to prevent dismissal of the case/cash; and (3) directing the debtor to decide whether to remain in a Chapter 13 bankruptcy action or to convert to a Chapter 7 action. Doc. No. 4, 3.

Taylor's main argument is that the Bankruptcy Judge erred in denying her Motion to Dismiss pursuant to 11 U.S.C. § 1307(b) because dismissal is mandatory under the statute. Section 1307(b) of Title 11 of the United States Code provides that: "[o]n request of the debtor at any time, if the case has not been converted under Section 706, 1112 or 1208 of this title, the Court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." The United States Court of Ap-

---

1. The Court notes, but will not summarize the long and complex litigation history in this and other cases related to Ms. Taylor. However, it notes that Taylor previously filed a motion to convert her case to a Chapter 7 case which was later withdrawn as well as a Motion to Dismiss the Bankruptcy case. Doc. No. 1–4, 2. D.Ns. 28, 50, 88.

peals for the Third Circuit has not construed this statute. However, in a non-precedential Opinion ruling on a Chapter 7 debtor's right to dismiss when bad faith is present, the United States Court of Appeals for the Third Circuit stated: "[t]he debtor has no absolute right to dismissal of a Chapter 7 case, unconditional or otherwise." (internal quotations omitted) *In re Fleurantin,* 420 Fed.Appx. at 197.

■ As noted by both Judge Fitzgerald and the parties, there is a split of authority as to whether 11 U.S.C. § 1307(b) is mandatory or whether a court has discretion to consider factors such as actions taken in bad faith and the consequences of dismissal on the other parties. Doc. No. 1–4, 5. The Court agrees with Judge Fitzgerald that 11 U.S.C. § 1307(b) is not mandatory, but rather, permits a debtor's good faith, or lack thereof, and any abusive of the bankruptcy process to be considered when ruling upon a debtor's Motion to Dismiss. This is consistent with the United States Court of Appeals for the Fifth, Eighth and Ninth Circuit which have all held that a debtor does not have an absolute right to dismiss or convert when there is evidence of bad faith on the debtor's part. *In re Jacobsen,* 609 F.3d 647, 660 (5th Cir.2010), *In re Molitor,* 76 F.3d 218 (8th Cir.1996), *In re Rosson,* 545 F.3d 764 (9th Cir.2008). As discussed by Judge Fitzgerald, such analysis also comports with the United States Supreme Court's finding that converting a bankruptcy case pursuant to 11 U.S.C. § 706(a) was not mandatory, but rather, permitted a bankruptcy court to exercise some discretion. *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 376, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

Furthermore, such action comports with a bankruptcy court's "broad authority to act in a manner that will prevent injustice or unfairness in the administration of bankruptcy estates" pursuant to Section 105. *In re Fleurantin,* at 197, quoting *In re Kaiser Aluminum Corp.,* 456 F.3d 328, 340 (3d Cir.2006). Accordingly, pursuant to *Marrama,* bankruptcy courts have the authority to take appropriate action in response to an abuse of process. *Marrama,* 549 U.S. at 375, 127 S.Ct. 1105. As such, this Court believes that Section 1307(b) permits the Court to consider factors such as a debtor's good faith or lack thereof and the consequences to creditors in deciding whether to grant or deny a debtor's Motion to Dismiss.

■ The United States Supreme Court declined to describe what conduct constitutes "bad faith," but noted that it must be "atypical." *Marrama,* 549 U.S. at 375, n. 11, 127 S.Ct. 1105. As discussed in detail by Judge Fitzgerald, Taylor's actions in the present case are "likely to open the door to abuse ..." and are in bad faith, including that: debtor filed for bankruptcy nine days after the District Court entered another judgment against her (09–cv–1116); provided inconsistent accounts of assets; was found by Judge McVerry to have conducted "abusive litigation or misuse of the court's process" by filing "a seemingly endless barrage of other civil and administrative cases against these same defendants raising the same issues, which have all been conclusively dealt with by the courts ..." (09–cv–1116); and delayed litigation and multiplied proceedings. These actions are "atypical" from the majority of bankruptcy filings and constituted actions taken in bad faith. Therefore, Taylor's Motion to Dismiss was properly denied pursuant to 11 U.S.C. § 1307(b).

In sum, the Bankruptcy Judge was not required to grant debtor's Motion to Dismiss because of her finding that debtor acted in bad faith, this Court agrees with

that determination. Therefore, her decision will be affirmed.[2]

## IV. Conclusion/Order

This Court has reviewed the Bankruptcy Court's Opinion and is persuaded by the same reasoning that Taylor's Motion to Dismiss should have been denied.

Accordingly, this 26th day of July, 2011, IT IS HEREBY ORDERED that the decision of the Bankruptcy Court is **AFFIRMED.**

The Clerk of Court shall mark this **CASE CLOSED.**

**2.** This Court also declines to direct the Bankruptcy Judge not to require the debtor to choose between converting to Chapter 7 or remaining as a Chapter 13 bankruptcy action because such a choice, given to debtor with the ability to consult with her attorney, was not an error or an abuse of discretion.