RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0098p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

PRISCILLA ANNETTE ANDREWS (16-2383); STANLEY
RICHARD KOZLOWSKI III (16-2680),

> *Debtors-Appellants*,

*v.*

MICHIGAN UNEMPLOYMENT INSURANCE AGENCY,

> *Creditor-Appellee*.

Nos. 16-2383/2680

---

**16-2383**

Appeal from the United States District Court for the Eastern District of Michigan at Ann Arbor.
No. 5:15-cv-13681—John Corbett O'Meara, District Judge.

**16-2680**

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:16-cv-11323—Paul D. Borman, District Judge.

Argued: June 22, 2017

Decided and Filed: May 29, 2018

Before: SILER, McKEAGUE, and WHITE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Brian A. Rookard, GUDEMAN & ASSOCIATES, PC, Royal Oak, Michigan, for Appellants. Zachary A. Risk, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Detroit, Michigan, for Appellee. **ON BRIEF:** Brian A. Rookard, GUDEMAN & ASSOCIATES, PC, Royal Oak, Michigan, for Appellants. Zachary A. Risk, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Detroit, Michigan, for Appellee.

---

**OPINION**

---

SILER, Circuit Judge.  These two cases, consolidated for oral argument, present the same question regarding whether a penalty assessed by a governmental unit against the debtor due to fraud is dischargeable in a Chapter 13 bankruptcy proceeding.  In both cases, the debtors fraudulently obtained unemployment benefits from the state of Michigan, and after determining these benefits were wrongfully paid, Michigan assessed a penalty.  The debtors argue that the penalties assessed are dischargeable in a Chapter 13 bankruptcy.  In each case, the district court disagreed, finding the penalties to be nondischargeable.  We affirm the decisions below because the penalties are nondischargeable under 11 U.S.C. § 523(a)(2).

**FACTUAL AND PROCEDURAL BACKGROUND**

I.     *Andrews v. Michigan Unemployment Insurance Agency* (16-2383)

Priscilla Andrews obtained unemployment benefits from the Michigan Unemployment Insurance Agency ("Agency") in 2010–11.  While she was receiving unemployment benefits, Andrews was also receiving wages from the Department of Community Health and from Family Dollar Stores of MI, Inc.  As Andrews failed to report these wages to the Agency, she received unemployment benefits to which she was not entitled.  The Agency found that Andrews committed fraud by failing to disclose the receipt of wages to obtain or increase her benefits and ordered restitution of $6,897.00 and penalties of $27,588.00.

In 2015, Andrews filed for bankruptcy pursuant to Chapter 13.  The Agency filed an adversary complaint alleging that Andrews's penalties were nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code.  Andrews moved to dismiss the complaint, arguing that the penalties assessed by the Agency were dischargeable in bankruptcy.

The bankruptcy court agreed with Andrews and held that the penalties were dischargeable, even though they arose from the underlying fraud.  This was based on the conclusion that the penalties fell under only § 523(a)(7), which the bankruptcy court saw as

dealing specifically with government penalties, and not § 523(a)(2), which the bankruptcy court saw as dealing generally with debts arising from fraud; and as § 523(a)(7) debts are not listed as nondischargeable in § 1328(a), the penalty debt could be discharged. The district court reversed the bankruptcy court. Specifically, it held that the entire debt, including penalties and restitution, was nondischargeable under § 523(a)(2).

II.     *Kozlowski v. Michigan Unemployment Insurance Agency* (16-2680)

Stanley Kozlowski obtained unemployment benefits from the Michigan Unemployment Insurance Agency for several weeks in 2011. However, during that time, Kozlowski also received wages from Triam Schroth LLC. Because he failed to report these wages, Kozlowski received unemployment benefits to which he was not entitled. The Agency found that Kozlowski committed fraud by failing to disclose the receipt of wages and ordered restitution of $4,334.00 and penalties of $16,669.00.

In 2015, Kozlowski filed for bankruptcy pursuant to Chapter 13. The Agency filed an adversary complaint alleging that Kozlowski's debt to the Agency was nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code. Kozlowski moved to dismiss the complaint, arguing that the penalty portion of his debt was dischargeable under Chapter 13.

The bankruptcy court denied the motion to dismiss and found that the penalty portion fell under both § 523(a)(2) and (a)(7). Because § 523(a)(2) debts are explicitly nondischargeable in Chapter 13 proceedings, the penalties were nondischargeable. The bankruptcy court also made clear that it disagreed with the *Andrews* bankruptcy court's narrow reading of *Cohen v. de la Cruz*, 523 U.S. 213 (1998). On appeal, the district court affirmed the bankruptcy court's order, finding that Kozlowski's penalties were nondischargeable under § 523(a)(2).

**STANDARD OF REVIEW AND LEGAL STANDARD**

We "review the decision of the bankruptcy court directly, reviewing its factual findings for clear error and its legal conclusions de novo." *Suhar v. Burns (In re Burns)*, 322 F.3d 421, 425 (6th Cir. 2003).[1]

In a Chapter 13 bankruptcy case, a debtor can obtain a court order discharging debt if she completes all payments in a confirmed plan or if she fails to complete the payments but the court grants her a discharge. 11 U.S.C. § 1328(a)-(b). Section 523(a) sets out nineteen exceptions to the standard discharge procedures used in bankruptcy proceedings. However, in Chapter 13 proceedings in which a debtor completes all payments under the plan,[2] the § 523(a) exceptions to discharge are limited to those enumerated in 11 U.S.C. § 1328(a). The exceptions relevant to this case are in § 523(a)(2) and (a)(7). Subsection 523(a)(2) exempts from discharge any debt

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

*Id.* § 523(a)(2)(A). Subsection 523(a)(7) excepts from discharge "any debt to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty." Importantly, § 523(a)(7) is not one of the subsections excluded from discharge by § 1328(a), while § 523(a)(2) is excluded.

**DISCUSSION**

I.     Subsection 523(a)(2) Encompasses Debtors' Debt[3]

Debtors argue that the penalties they were assessed fall under § 523(a)(7). Because § 523(a)(7) is not listed in § 1328(a), Debtors claim that the penalty debt should be

---

[1]As mentioned above, the bankruptcy courts in these cases differed on the outcome. Although we review the bankruptcy decisions directly, the de novo nature of the review allows the analysis of both cases to be identical.

[2]The 11 U.S.C. § 1328(a) superdischarge for debtors who complete payments under the plan is not applicable to debtors who have not completed payments under the plan but who are nevertheless granted discharge by the court. *Id.* § 1328(b).

dischargeable.  Their arguments center on the belief that the Supreme Court case relied upon by the district court and the Agency, *Cohen*, is not applicable and that rules of statutory construction require a finding of dischargeability in order to prevent § 523(a)(7) from being superfluous and to follow the intent of Congress.

The first question we must answer is whether the penalty portion of the debt falls under § 523(a)(2).  The Supreme Court addressed a similar issue in *Cohen* when it analyzed how to classify treble damages and attorney's fees and costs arising from fraud in a Chapter 7 bankruptcy case.  523 U.S. at 217-18.  The Court discussed the history and interpretation of § 523(a)(2) and carefully examined the language of the statute.  *Id.* at 219-22.  It ultimately concluded that "[w]hen construed in the context of the statute as a whole, then, § 523(a)(2)(A) is best read to prohibit the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc., including an award of treble damages for the fraud."  *Id.* at 220-21.  This decision demonstrates that the penalties associated with fraud should be regarded as essentially the same as the fraud itself and are to be included under the § 523(a)(2) exception from discharge, as debt arising from fraud.

Debtors argue that *Cohen* is inapplicable because it concerned private parties and not a government agency, but they offer no citation or persuasive reasoning as to why that changes the analysis.  Debtors also rely on two additional cases, *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990), and *Kelly v. Robinson*, 479 U.S. 36, 42 (1986). *Davenport* and *Kelly* analyze restitution orders in criminal proceedings in Chapter 7 and Chapter 13 proceedings.  Neither case analyzed the relationship between § 523(a)(2) and (a)(7), and importantly, both were decided before *Cohen* clarified that § 523(a)(2) applies to all debt involving fraud.  Therefore, these cases are unpersuasive.

Debtors also rely on the principle that "exceptions to discharge are to be strictly construed against the creditor."  *In re Pazdzierz*, 718 F.3d 582, 586 (6th Cir. 2013) (quoting *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.

---

[3]All references to "debt" concern only the penalty portion of the Debtors' debt, as the principal amount is not disputed in this appeal.

1998)).  This argument fails for two reasons.  First, as the bankruptcy court in *Kozlowski* aptly put it:

> Whatever that rule means in other contexts, in the context of this case, it does not mean that the Court may ignore *Cohen* . . . .  If anything, one might argue that in *Cohen* the Supreme Court did not construe § 523(a)(2) strictly against the creditor.  But even if that is so, it is water under the bridge—this Court is bound to follow *Cohen*.

Second, that presumption is intended to operate for the benefit of "*honest* but unfortunate debtors."  *See In re Pazdzierz*, 718 F.3d at 586 (emphasis added and brackets omitted) (quoting *Grogan v. Garner*, 498 U.S. 279, 286 (1991)).  That § 523(a)(2) debts are excepted from discharge under § 1328(a) reflects a congressional decision that those who commit fraud are not to be given the same "fresh start" as "honest but unfortunate debtor[s]."  *See Grogan*, 498 U.S. at 286–87 (discussing the nondischargeability of § 523(a)(2) debts in Chapter 11 proceedings; H.R. Rep. No. 109-31(I), at 15 (2005) (explaining that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which added debts covered by § 523(a)(2) to § 1328(a)'s list of nondischargeable debts, was intended to "prevent[] the discharge of debts based on fraud, embezzlement, and malicious injury in a chapter 13 case").

II.    The Agency Rightfully Could Apply for the Debt to be Nondischargeable

As *Cohen* held, Debtors' debt is properly included under § 523(a)(2).  Because the debt at issue is related to a governmental penalty, it also arguably falls under § 523(a)(7).  Therefore, we must determine whether the same debt may be covered by both subsections and, if so, whether the Agency is correct in arguing that once the debt is classified under § 523(a)(2), it can file an adversary complaint that the debt is nondischargeable.

Debtors argue that § 523(a)(7) is the more specific of the relevant § 523(a) subsections, and that the debt must be considered as contained solely in that subsection, thus making it dischargeable because § 523(a)(7) is not enumerated in § 1328(a).  However, aside from the general proposition that nondischargeability provisions should be construed against creditors, Debtors cite no authority for the proposition that a particular debt may be covered by only one of § 523(a)'s subsections.  To the contrary, *Husky International Electronics, Inc. v. Ritz*, 136 S. Ct. 1581 (2016), makes clear that the various subsections of § 523(a) are not necessarily mutually

exclusive.  In *Husky*, the Court held that certain conduct covered by § 523(a)(2) could also be covered by § 523(a)(6) ("willful and malicious injury").  *Id.* at 1588.  The Court found similar overlap between § 523(a)(2) and 11 U.S.C. § 727(a)(2), which, generally prevents discharge in cases involving fraudulent conveyances.  *Id.* at 1588–89.  None of this was problematic for the Court because, "[a]lthough the two provisions could cover some of the same conduct, they are meaningfully different."  *Id.* at 1589.  *Kelly* is also illustrative.  In that case, the Court held that a debt arising from restitution ordered following a state larceny conviction for wrongful receipt of welfare benefits was nondischargeable in a Chapter 7 proceeding under § 523(a)(7).  *Kelly*, 479 U.S. at 53.  The Court also suggested that both § 523(a)(2) (fraud) and § 523(a)(4) (larceny) would have applied, had the state petitioned the court to find the debt nondischargeable under § 523(c)(1).  *Id.* at 42 n.3.  In light of *Husky* and *Kelly*, we conclude that the debt at issue is covered by both § 523(a)(2) and § 523(a)(7).

Contrary to Debtors' argument, the debt can be both nondischargeable under § 523(a)(2) and dischargeable under § 523(a)(7). Had the agency not challenged the discharge under § 523(a)(2), the absence of § 523(a)(7) in § 1328(a)'s nondischargeability section would have made the debt dischargeable under § 523(a)(7).  However, the absence of § 523(a)(7) in the list of nondischargeable debts does not mean that any debt that falls under § 523(a)(7) is automatically dischargeable regardless of any other provision.  Put differently, the Agency may not file an adversary complaint claiming the debt is nondischargeable under § 523(a)(7), but it is not prohibited from filing such a complaint under another subsection that is incorporated in § 1328(a).  The Agency does not dispute that § 1328(a) does not incorporate § 523(a)(7), and, in fact, the Agency places no reliance on § 523(a)(7).  It merely argues that the debt is encompassed by § 523(a)(2), and regardless of whether § 523(a)(7) applies, the inclusion of § 523(a)(2) in § 1328(a) allows the Agency to file an adversary complaint seeking the determination that the debt is nondischargeable.

We agree.  Subsection 523(a)(2) provides that "any debt" arising from fraud is excepted from discharge.  A finding that the debt here arises from fraud perpetuated against the Agency makes § 523(a)(2) applicable in these cases.  Thus, because the debt falls into § 523(a)(2), it is

nondischargeable as "any debt" arising from fraud, regardless of whether the debt could also fit under § 523(a)(7).

Debtors' argument that § 523(a)(7) is more specific than § 523(a)(2), and under principles of statutory construction, that subsection should control, is also unpersuasive. Under *Husky*, a debt may fall under more than one subsection. If the debt falls into a subsection incorporated in § 1328(a), a creditor may apply for it to be declared nondischargeable. That a debt might also be covered by a subsection not incorporated in § 1328(a) does not change this outcome. Furthermore, contrary to Debtors' assertion, neither subsection is more specific than the other on these facts. Subsection 523(a)(7) is more specific inasmuch as it deals with penalties owed to the government, where § 523(a)(2) deals generally with fraud. But § 523(a)(2) is in a sense more specific because it deals with fraud-related penalties, whereas § 523(a)(7) applies to all penalties owed to a government entity. This does not matter, however, because the debt can be covered by both subsections under *Husky*.

**AFFIRMED**.